UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASARU EL-BEY,

    Petitioner,

v.                                                    Case No. 8:25-cv-945-TPB-TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Asar El-Bey files a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1) Upon consideration of the petition (Doc. 1), the response in opposition (Doc. 7), and El-Bey's reply (Doc. 8), the Court dismisses the petition under the fugitive disentitlement doctrine.

**I.   Background**

On November 26, 2018, El-Bey was charged in a Florida state court with two counts of drug possession, three counts of possession of a counterfeit payment instrument, one count of violating an injunction for protection against domestic violence, and one count of violating conditions of pretrial release. (Doc. 7-1, Ex. 2) On April 4, 2019, El-Bey pleaded guilty as charged. (*Id.*, Ex. 6) El-Bey was placed on 24 months of drug offender probation and one additional year of concurrent probation. (*Id.*) He did not appeal.

On the day after he pleaded guilty, El-Bey moved to withdraw his guilty plea. (*Id.*, Ex. 4)  The motion was denied April 9, 2019. (*Id.*, Ex. 5) On May 3, 2019, he filed another motion regarding withdrawing his guilty plea, which was stricken. (*Id.* Exs. 7, 8)

On July 29, 2019, an affidavit of violation of probation and a warrant for El-Bey's arrest were filed. (*Id.*, Exs. 9, 10)  The warrant for El-Bey's arrest remains pending.  Judicially noticed online records from the Florida Department of Corrections show that El-Bey has absconded from supervision and is currently classified as a fugitive.

On February 2, 2025, El-Bey filed a motion for postconviction relief, which was denied on the merits on May 12, 2025. (*Id.*, Exs. 12, 13)

## II.   Discussion

El-Bey initiated this action by filing a petition for writ of habeas corpus, which he mailed from an address in Los Angeles, California.  (Doc. 1-2 at 70) Among other claims, El-Bey challenges his state court convictions because counsel rendered constitutionally ineffective assistance during his plea proceedings.  Respondent files a limited response in which it moves to dismiss the § 2254 petition because, under the fugitive disentitlement doctrine, El-Bey has no right to call upon the district court to adjudicate his § 2254 petition.[1]

---

[1] Because El-Bey is a fugitive, the district court need not consider Respondent's alternative arguments for dismissal.

(Doc. 7) El-Bey files a reply, which he mailed from an address in Las Vegas, Nevada. (Doc. 8-2 at 1)

"The fugitive disentitlement doctrine permits courts to dismiss a fugitive's appeal in cases in which an individual escapes while at the same time attempting to invoke the jurisdiction of that particular court." *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004). The fugitive disentitlement doctrine "is a tool primarily for the court that had its jurisdiction invoked while the defendant was a fugitive." *Ortega-Rodriguez v. United States*, 507 U.S. 246, 249 (1993). When a district court's authority has been invoked, the court can use the doctrine "to protect the integrity of the judicial process" because "the fugitive has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claim." *Id*. at 246.

"[C]ourts possess great latitude in their application of the fugitive disentitlement doctrine." *Lynn*, 365 F.3d at 1241, n.29. "The fugitive disentitlement doctrine has been applied at both the trial and appellate level and in both criminal and civil cases." *Xiang Feng Zhou v. U.S. Attorney Gen.*, 290 F. App'x 278, 280 (11th Cir. 2008); *see also Pope v. Florida*, No. 5:17cv086, 2017 WL 5941790, at *2 (N.D. Fla. Nov. 1, 2017) (listing cases that apply the doctrine in habeas corpus petitions); *see also Joensen v. Wainwright*, 615 F.2d 1077, 1078–80 (5th Cir. 1980) (affirming the district court's denial of a § 2254 petition because the petitioner escaped from the state's custody while his direct

3

appeal was pending). "[A] prisoner's escape is no less an affront to the dignity of a federal court sitting in habeas than it is to a court reviewing a direct appeal." *See Bagwell v. Dretke*, 376 F.3d 408, 412 (5th Cir. 2004) (concluding that the "doctrine may be applied in the habeas context").

Judicially noticed online records from the Florida Department of Corrections show that El-Bey has absconded from supervision and is currently classified as a fugitive. According to those records, El-Bey's "whereabouts are unknown," he is "not available for supervision," and a "warrant is issued for [his] violation [of drug offender probation]." El-Bey initiated this action from Los Angeles, California, and his latest filing was mailed from Las Vegas, Nevada. In his reply, El-Bey does not dispute that he is a fugitive from the law; rather, he argues the doctrine is inapplicable because "he has actively litigated in both state and federal court, filing motions, appeals, and this habeas petition." (Doc. 8 at 2–3)

El-Bey may not call upon the district court to adjudicate his claim while he currently absconds from supervision and avoids arrest for violating the terms of his drug offender probation. *See Lynn*, 365 F.3d at 1243 ("[T]he fugitive disentitlement doctrine applies as a sanction where the fugitive status and the court proceedings overlap."); *see also Xiang Feng Zhou*, 290 F. App'x at 280–81 (noting that the doctrine has typically been reserved to situations in which the petitioner is a current fugitive). Furthermore, any grant or denial

4

of habeas relief would effectively be moot because El-Bey is currently absconding from supervision and not in custody. *See Bagwell*, 376 F.3d at 412 (observing that "[a] federal habeas court cannot enforce its judgment if the prisoner is a fugitive"). Accordingly, the district court exercises its discretion to dismiss El-Bey's § 2254 petition under the fugitive disentitlement doctrine.

### III. Conclusion

Accordingly, El-Bey's petition for a writ of habeas corpus (Doc. 1) is **DISMISSED**. The Clerk is directed to enter judgment against El-Bey and to **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a "circuit justice or judge" must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would have the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Further, to obtain a COA when, as here,

dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner has not made the requisite showing. Finally, because petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of October, 2025.

**TOM BARBER**
**U.S. DISTRICT JUDGE**