UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASARU EL-BEY,

    Petitioner,

v.                                            Case No. 8:25-cv-945-TPB-TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____

## ORDER DENYING APPLICATION FOR A CERTIFICATE OF APPEALABILITY

Petitioner Asaru El-Bey applies for a certificate of appealability. (Doc. 12) An earlier order dismisses under the fugitive disentitlement doctrine El-Bey's petition under 28 U.S.C. § 2254 for a writ of habeas corpus and declines to issue a certificate of appealability. (Doc. 9)

El-Bey now argues that the Court's dismissal of his § 2254 petition constitutes a misapplication of the law and a denial of fundamental due process. (Doc. 12) He argues that the "Florida Department of Corrections and associated state agencies have maintained knowledge of [his] location for years, both through verified contact by out-of-state law enforcement and direct correspondence from [him] in active litigation." (*Id.* at 3) He emphasizes that he has "remained reachable, compliant with court communications, and engaged in ongoing legal proceedings." (*Id.*)

Section 2253(c)(2) permits issuing a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Jurists of reason could not find it debatable that the Court was correct in its application of the fugitive disentitlement doctrine to bar his petition. Again, El-Bey does not dispute that he is a fugitive from the law; rather, he emphasizes that the Florida Department of Corrections knows his location and he has continued to engage in litigation. However, despite his assertions to the contrary, judicially noticed records from the Florida Department of Corrections continue to show that El-Bey has absconded from supervision and is currently classified as a fugitive. His current location is listed as "unknown." Notably, the Court's earlier order dismissing his § 2254, which was mailed to the Las Vegas, Nevada, address from which El-Bey mailed his reply, was returned as undeliverable. (Doc. 11) And, El-Bey neglected to list his current address on this application for a certificate of appealability. (Doc. 12 at 9)

2

Accordingly, El-Bey's application for a certificate of appealability is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of November, 2025.

**TOM BARBER**
**U.S. DISTRICT JUDGE**